UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND LENTZ, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:21-cv-643-SPM ) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1] | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Rosalind Lentz ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

**I.   PROCEDURAL BACKGROUND**

In June 2019, Plaintiff applied for DIB, alleging that she had been unable to work since May 25, 2019 due to anxiety, arthritis, asthma, depression, diabetes, hypothyroidism, migraines, plantar fasciitis, sleep apnea, and high blood pressure. (Tr. 154, 269). Her application was initially

---

[1]   Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

denied. (Tr. 167-72). On November 29, 2019, Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") (Tr. 173-74). After a hearing, the ALJ issued an unfavorable decision on October 1, 2020. (Tr. 81-90). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 221-24), but the Appeals Council declined to review the case on April 9, 2021. (Tr. 1-4). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if

3

the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since May 25, 2019, the alleged onset date. (Tr. 83). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease, asthma, obesity, and diabetes mellitus. (Tr. 83). The ALJ also found the following medically determinable impairments: obstructive sleep apnea (OSA), gastroesophageal reflux disease (GERD), and depression. (Tr. 83). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 84).

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can only frequently climb ramps and stairs; never climb ladders, ropes, and

> scaffolds; frequently stoop, kneel, crouch, crawl, and balance; and should avoid work at unprotected dangerous heights and around unprotected machinery.

(Tr. 84). Moving to step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a cosmetologist as the work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 89). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 25, 2019, through the date of th[e] decision." (Tr. 89).

## IV. DISCUSSION

Plaintiff challenges the ALJ's Decision on five grounds: (1) the opinion evidence was not properly evaluated; (2) the RFC is not supported by substantial evidence; (3) the RFC provides no limitations for Plaintiff's severe asthma or obesity; (4) the ALJ's Decision lacks proper consideration of anxiety and depression; and (5) the ALJ's Decision lacks proper pain evaluation.

### A. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

5

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B. Opinion Evidence

Plaintiff's first argument is the ALJ failed to properly evaluate the opinion evidence.

Because Plaintiff filed her application after March 27, 2017, this Court applies 20 C.F.R. § 404.1520c. Under the new regulations, an ALJ is no longer required to "defer to give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of such opinions by considering five factors: supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ acknowledged application of these new regulations in his opinion. (Tr. 88).

Here, Plaintiff argues that the ALJ did not properly articulate the "supportability" and "consistency" factors when evaluating the opinion evidence. Responding, the Commissioner

6

argues that the ALJ properly evaluated the opinion evidence and that the ALJ's Decision as a whole shows he properly considered the (supportability and consistency) factors.

The ALJ's Decision reflects that he considered the opinion evidence of record. Although the ALJ could have provided more detail, he did offer some explanation for his findings. (Tr 88). The ALJ found Dr. Toll's opinion "persuasive, because it is supported by, and consistent with, the record as a whole that shows no severe mental impairment." (Tr. 88). Dr. Debroy's opinion was found "persuasive because it is supported by, and consistent with, the record as a whole, as discussed in detail above." (Tr. 88). The ALJ found "Dr. Summa's opinion . . . somewhat persuasive as it is generally consistent with treatment notes, but his additional environmental limitations are not consistent with [the Dictionary of Occupational Titles] descriptions or [Plaintiff]'s work history." (Tr. 88). Finally, the ALJ found "Dr. Kugler's opinion . . . persuasive because it is supported by her examination findings, and is consistent with the record as a whole." (Tr. 87) (citing to (Exs. 4F, 10F).

"The paragraph concerning the ALJ's evaluation of [a medical] opinion cannot be read in isolation but must be read as part of the overall discussion of plaintiff's RFC assessment." *Wilcox v. Saul*, No. 4:20-CV-1285-SRW, 2021 WL 6196834, at *13 (E.D. Mo. Dec. 30, 2021) (quoting *Trosper v. Saul*, No. 1:20-CV-51-DDN, 2021 WL 1857124, at *5 (E.D. Mo. May 10, 2021)). When read in context, as part of the overall discussion of Plaintiff's RFC, the Court finds the ALJ appropriately considered the medical and nonmedical evidence in the record. The ALJ's thorough review of the record supports his evaluation of the opinion evidence.

### C. The RFC Assessment

Plaintiff's second and third arguments are that her RFC assessment is not supported by substantial evidence because 1) the ALJ cannot rely on a non-examining physician's RFC as this

7

assessment is not based upon the full record; and 2) the RFC provides no limitations for her allegedly severe asthma or obesity. Responding, the Commissioner asserts that the new regulations require an ALJ to consider state agency opinions and that the ALJ could rely on prior administrative findings when formulating the RFC. The Commissioner also alleges that the ALJ properly considered the effects of Plaintiff's obesity and asthma.

An ALJ determines the RFC "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But an ALJ "is not limited to considering medical evidence exclusively," as even though the "RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The Court recognizes that an ALJ "may not draw upon [her] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The Eighth Circuit has held that the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted). In this case, the ALJ performed an extensive review of relevant evidence, including Plaintiff's substantial medical records, before concluding Plaintiff was capable of light work with certain additional limitations. This analysis was entirely consistent with the requirements of SSR 96-8p and other applicable regulations. The ALJ assessed objective medical evidence, carefully described various objective findings, and cited

numerous sources of objective medical evidence across Plaintiff's many physician visits and tests. (Tr. 85-88).

The ALJ's consideration of the State agency physicians' opinions was not itself an error because the ALJ must consider all relevant evidence. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Further, the SSA regulations recognize that state agency medical consultants are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); *see also Collins v. Kijakazi*, No. 6:20-CV-3237-MDH, 2021 WL 3909670, at *4 (W.D. Mo. Aug. 31, 2021) ("The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified experts in Social Security disability evaluation."). As discussed above, the ALJ did consider all relevant evidence as shown throughout his Decision, which includes discussion of the medical records and Plaintiff's activities of daily living ("ADLs"). (Tr. 85-88).

As for Plaintiff's arguments that the ALJ did not provide any limitations in the RFC for her asthma and obesity, the ALJ explicitly stated that he considered her obesity and found that "the record does not document any significant problems secondary to obesity that would reduce [Plaintiff]'s [RFC] beyond that already discussed." (Tr. 88). This conclusion is supported by substantial evidence. Turning to Plaintiff's asthma, it is clear from the ALJ's Decision that he considered Plaintiff's asthma in conjunction with the RFC. (Tr. 85) (finding that Plaintiff's as a hairdresser sometimes triggered her asthma but not to the extent that she regularly used her inhaler at work); (Tr. 86) (noting that Plaintiff's asthma was stable); (Tr. 86) (noting Plaintiff was treated for acute asthma exacerbation but was doing much better by later that same month in August 2018; noting that Plaintiff's asthma was considered stable in late July 2019). Moreover, an independent review of the medical records shows that Plaintiff's asthma was controlled with her medication

regime. (Tr. 368, 386, 391, 392, 453, 543, 545). Based on the foregoing, the Court finds the ALJ's Decision is supported by substantial evidence.

### D. Consideration of Anxiety and Depression

Plaintiff's fourth argument is that the ALJ's Decision lacks proper consideration of her anxiety and depression. However, Plaintiff appears to focus exclusively on her depression. Plaintiff does not directly challenge the ALJ's failure to find her anxiety severe (or even discuss Plaintiff's anxiety). As such, the Court focuses its discussion and analysis on Plaintiff's depression.

When "mental impairments are present," the ALJ is required to evaluate the severity of those impairments using a special technique called the PRT. *Cuthrell v. Astrue*, 702 F.3d 1114, 1117 (8th Cir. 2013) (citing 20 C.F.R. § 404.1520(a)).[2] The ALJ's written decision must reflect application of the technique and must include specific findings as to the degree of functional limitations the claimant has. *Id.*; 20 C.F.R. § 404.1520a(e)(4).

Plaintiff argues that the ALJ's Decision does not contain a PRT and it does not appear that her depression, although found to be non-severe, was considered in combination with the severe impairments. Responding, the Commissioner contends that the ALJ referred to his discussion of the evidence when finding Plaintiff's mental impairments were not severe. Defendant argues that the ALJ evaluated the opinion evidence, which found no mental impairments or only mild limitations, and found these opinions persuasive.

The ALJ found Plaintiff's depression was a medically determinable impairment, but that "the medical evidence does not show that these impairments, considered singly and in

---

[2] Under the PRT, the ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [the claimant has] a medically determinable mental impairment(s)." *Cuthrell*, 702 F.3d at 1118 (citing 20 C.F.R. § 404.1520a(b)(1)). The ALJ must then assess the degree to which the impairment causes limitations in each of several functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence or pace, and (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(b), (c)(3).

combination, cause more than minimal limitation in [Plaintiff]'s ability to perform basic work activities." (Tr. 83). Because the ALJ found that Plaintiff had a medically determinable impairment, depression, it was error for the ALJ not to perform the PRT. However, not all such errors require reversal. Courts have found that where there is no credible evidence of a severe mental impairment, the failure to perform the PRT is harmless error and does not require reversal. *See Cuthrell*, 702 F.3d at 1118 ("This court has found harmless error [from the failure to complete the PRT] where there is no credible evidence of a severe impairment"); *Nielson v. Barnhart*, 88 F. App'x 145, 147 (8th Cir. 2004) (failure to complete PRT was not reversible error where the plaintiff did not mention depression as a basis for disability until the hearing, the claimant did not seek treatment for depression, the treating doctor's notes did not contain notations of depression, and the consulting psychiatrist's findings would not support a finding of a severe mental impairment); *Yates v. Colvin*, No. 4:14-CV-00097-SPM, 2015 WL 457942, at *3-4 (E.D. Mo. Feb. 3, 2015) (finding no reversal error when the ALJ did not perform a PRT because the record contained no credible evidence that the plaintiff has any severe mental impairment); *Davis v. Astrue*, No. 4:11–CV–04119, 2013 WL 103561, at *3–*4 (W.D. Ark. Jan. 8, 2013) (failure to complete PRT was not reversible error because the plaintiff's medical records did not support a finding of a medically determinable mental impairment and did not contain any evidence establishing Plaintiff underwent mental health treatment for her alleged depression).

      Here, as in the above cases, the ALJ's error does not require reversal because the record contains no substantial evidence that Plaintiff has any severe mental impairment—i.e., a medically determinable mental impairment that significantly limits her ability to perform work activities. *See* 20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(ii), (c). As noted above, the ALJ's Decision notes that Plaintiff's depression is more fully evaluated later in the Decision. (Tr. 83). However, the Decision

only goes on to note that Plaintiff was on medication for depression after the death of her mother and then again to note that Plaintiff was doing "ok". (Tr. 86). However, the ALJ did discuss two relevant opinions that specifically evaluated Plaintiff's mental impairments. First, the ALJ found Dr. Kugler's opinion, who performed the psychological consultative exam, persuasive and Dr. Kugler specifically addressed the section "B" criteria, finding no limitations in any of the four categories. (Tr. 87; Tr. 489-93 (Dr. Kugler's opinion)). Dr. Kugler performed the exam in November 2019, and during this exam, Plaintiff denied any psychiatric hospital stays; denied ever having any outpatient mental health treatment; and denied that she was currently in treatment. (Tr. 490). Dr. Kugler further found that Plaintiff "does not have any psychiatric symptoms that would affect her ability to work." (Tr. 491). Dr. Kugler also found the observations and mental status examination, appearance, speech, thought process, and thought content were all unremarkable. (Tr. 491-92). Dr. Toll, the State Agency physician who completed the initial review, relied on Dr. Kugler's exam and findings in denying Plaintiff's application at the initial level. (Tr. 157-58).

Given that Dr. Kugler and Dr. Toll opined no limitations or only mild ones, it cannot be said that the ALJ committed reversible error in failing to perform the PRT in his Decision. Additionally, Plaintiff's later medical records support Dr. Kugler and Dr. Toll's findings. (Tr. 545) (negative indication in the Review of Systems portion of July 29, 2019 record); (Tr. 552-53) (negative indication in the Review of Systems portion of April 20, 2020 record); (Tr. 563) (negative indication of anxiety and depression in the Review of Systems portion of July 31, 2020 record). These medical records also reflect largely normal physical exams except occasional minor notations unrelated to Plaintiff's mental impairments. (Tr. 438, 547, 554, 559, 565). While visiting Dr. Wood for her foot issues, several medical records reflect a negative finding in the Review of Systems for anxiety and depression. (Tr. 509, 512, 517, 521).

In sum, because the record contains no substantial evidence that Plaintiff had any medically determinable mental impairment that *significantly* limited her ability to perform work activities, the ALJ's failure to perform the PRT was at most harmless error and does not require reversal. *See Nielson*, 88 F. App'x at 147; *Davis*, 2013 WL 103561, at *3–4.

### E. Pain Evaluation

Plaintiff's fifth and final argument is that the ALJ's Decision lacks proper pain evaluation.

Courts normally defer to an ALJ's credibility determination. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). Per 20 C.F.R. § 404.1529, when evaluating disability, the SSA will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." The Eighth Circuit has held that the ALJ must consider the five *Polaski* factors when considering a claimant's subjective descriptions of disabling pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). But the ALJ is "not required to discuss each *Polaski* factor so long as [she] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (citation omitted).

"After careful consideration of the evidence," the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. at 85). Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized her obligation to assess Plaintiff's symptoms based on the requirements of 20 C.F.R. § 404.1529 and

13

SSR 16-3p. (*Id.* at 84-85). *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors").

Here, Plaintiff argues that the ALJ's Decision does not include a proper pain evaluation as it contains one sentence regarding Plaintiff's subjective complaints and the remainder of the Decision does not reference or consider the *Polaski* factors. Instead, Plaintiff contends that "[b]ecause the ALJ clearly did not believe any of [P]laintiff's testimony or her reports to her providers, he was required to make an express credibility[3] determination giving detailed reasons for doing so." (Doc. 24 at 12). Responding, the Commissioner asserts that the ALJ's Decision shows he did not find Plaintiff's statements entirely consistent with the record and that the ALJ considered other evidence in the record such as activities of daily living, medication, and using certain orthotics and shoes for her lower extremity condition.

The Court finds that the ALJ appropriately discounted Plaintiff's allegations of disabling pain based on the objective medical evidence and Plaintiff's daily activities. The Eighth Circuit has recently held that an ALJ "is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley*, 9 F.4th at 630 (citation omitted). It was reasonable for the ALJ to rely on objective medical evidence in adjudicating Plaintiff's claim. (Tr. 85). Additionally, after noting that Plaintiff alleges disability due to a wide range of medical issues, the ALJ's Decision then goes on to note

---

[3] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.* Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

that Plaintiff reported the ability to do the following: "clean, vacuum, do laundry and dishes, watch television, care for her dog, perform personal care without difficulty, prepare simple meals, drive, go out alone, shop in stores and by computer, manage funds, eat out at restaurants several times a week, and handle stress and changes in routine." (Tr. 85). In fact, Plaintiff testified at the hearing before the ALJ that she has no issue taking care of any of her personal needs, dressing herself, feeding herself, bathing, washing her hair, combing her hair, or tying her shoes. (Tr. 135). She also testified that she does not use a stick, cane, crutch, or anything else to help her get about, and stated only that she sometimes wears a "wrap." (Tr. 135). Plaintiff further testified that she goes to lunch with her sister. (Tr. 137). Based on the foregoing, the ALJ's Decision is supported by substantial evidence.

V.     **CONCLUSION**

For all of the foregoing reasons, the Court finds the ALJ's Decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

                                               SHIRLEY PADMORE MENSAH
                                               UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2022.